**Robert HACKWORTH, Jr., Plaintiff–Appellant,**

v.

**H. GERMAN, Correctional Officer; et al., Defendants–Appellees.**

No. 10–16962.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 6, 2012.

Robert Hackworth, Jr., Soledad, CA, pro se.

Jose Zelidon–Zepeda, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Robert Hackworth, Jr., a California state prisoner, appeals pro se from the district court's summary judgment and judgment following a jury verdict in his 42 U.S.C. § 1983 action alleging excessive force and due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Taylor v. List*, 880

F.2d 1040, 1044 (9th Cir.1989), and for an abuse of discretion its supervision of jury trials, *Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir.2000). We affirm.

The district court properly granted summary judgment on Hackworth's due process claim because Hackworth failed to raise a genuine dispute of material fact as to whether he suffered any deprivation of a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *see also Taylor*, 880 F.2d at 1045 (unsupported conclusory allegations insufficient to defeat summary judgment).

Contrary to Hackworth's contentions, the district court judge did not abuse its broad discretion in supervising the jury trial. *See Price*, 200 F.3d at 1252 ("A judge's participation during trial warrants reversal only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." (citation and internal quotation marks omitted)); *see also Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 346 (9th Cir.1995) ("[T]he trial court is in a superior position to gauge the prejudicial impact of counsel's conduct during the trial.").

Hackworth's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.